UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No: 9-53-GFVT |
| V. | ) | |
| JAMES EDWARD FREDRICK, | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation [R. 39] filed by United States Magistrate Judge Hanly A. Ingram. The Report and Recommendation addresses the reported violation of a supervised release condition by the Defendant James Edward Fredrick. Judge Ingram recommends revocation, imprisonment for a term of 4 months, and renewed consideration of the re-imposition of supervised release. [R. 39, at 6.]

His Report advises the parties that any objections must be filed within fourteen (14) days of service. [*Id.*] Fredrick did not file any objections and waived his right to allocution [R. 40]. Normally, when parties fail to object, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties that do not object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

This Court has examined the record, and having made a *de novo* determination, it agrees with the Magistrate Judge's Report and Recommendation. Nevertheless, in this situation where

the actions of district court judges with respect to the imposition of supervised release conditions are heavily scrutinized, more attention must be paid to adopting this recommended disposition.

**I**

Fredrick was convicted and sentenced for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). Fredrick obtained sex offender status at the age of fifteen after he was convicted in 1991 of Aggravated Criminal Sexual Assault in Cook County Circuit Court, Chicago, Illinois. Upon his release from prison, his lifetime term of supervised release commenced on March 28, 2012. After violating a special term of his supervised release, the prohibition against consuming any alcoholic beverages, Fredrick now finds himself facing a prison sentence per Judge Ingram's recommendation.

Judge Ingram, however, astutely aware of the sensitivity surrounding the issue of supervised release conditions in the sex-offender context, did not make a specific recommendation as to continued application. Rather, he advises that the Court "consider the re-imposition of supervised release in connection with [] review of the Recommended Disposition." [R. 39, at 6.] Close scrutiny of these specific conditions is necessary where lifetime supervision is imposed in order to comply with the Sixth Circuit's instruction in *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012). There, the Sixth Circuit took issue with the imposition of six specific conditions of supervised release and concluded that this Court should reconsider their application: (1) the mandatory drug testing requirement; (2) the mandate to provide information about prescription medications; (3) the requirement that Probation have access to personal financial information; (4) the ban on consuming alcohol; (5) the prohibition on possessing or using technology with the capability of creating videos or picture; and (6) the bar on using a post

office box or storage facility. *Id.* at 1005. All of these conditions were imposed on Fredrick at his sentencing for the underlying offense, and thus require renewed attention.

**II**

The following analysis is similar to that set forth in this Court's opinion in *United States v. Inman*, 08-127-GFVT [R. 84] (E.D. Ky. May 10, 2013). The imposition of supervised release conditions is governed by 18 U.S.C. § 3583(c). That section mandates that a court consider particular factors listed in 18 U.S.C. § 3553(a) to determine whether a term of supervised release is warranted, and if a term is warranted, the amount of time that term should last and the conditions that should be applicable during that term. To comply with this mandate the court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed - (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentence and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;
>
> (5) any pertinent policy statement - (A) issued by the Sentencing Commission...;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*See also United States V. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008) (citing § 3553). In light of these factors and with due respect to *Inman*, this Court turns to addressing whether each specific special condition focused on by the Sixth Circuit is necessary and appropriate here.

3

**1**

Mandatory drug testing is required as an explicit condition of supervised release pursuant to section 3583(d) except in particular cases. As outlined in 18 U.S.C. § 3563(a)(5), the drug testing requirement can be waived when a "defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." PSR's have been judged to bear "sufficient indicia of reliability to be considered by a district court when making a factual determination." *Rodriguez*, 558 F.3d at 412.

The Probation Officer notes in the PSR that from age eleven until reportedly the age of thirty, Fredrick was engaged in some sort of substance abuse. His PSR includes a lengthy list of abused substances: alcohol, Xanax, marijuana, heroin, and crack cocaine. Finally, during his interview with the Probation Officer he expressed his desire to receive drug abuse treatment. There is no indication from the probation office that Fredrick is still addicted to drugs. In fact, as noted by Judge Ingram, Fredrick has not failed a drug test while on release despite a history of using a series of dangerously addictive drugs. [R. 39, at 3.] Nevertheless, Fredrick and his counsel's recommendation that lifetime supervision be re-imposed suggests that Fredrick needs the condition to help keep him accountable and from relapsing.

Therefore, the Court finds that his risk level exceeds the threshold of § 3563(a)(5) and the drug testing condition will be re-imposed. However, the condition will be modified so that after ten years of supervised release it will be terminated unless Fredrick's Probation Officer seeks an extension of this condition. *See* 18 U.S.C. § 3583(e)(1), (2); Fed. R. Crim. P. 32.1(c)(1)-(2).

**2**

The prescription drug condition is a special condition placed on Fredrick, and it requires the following:

> The defendant shall provide to the United States Probation Office, within seven days of release from the custody of the Bureau of Prisons, a written report, in a form the United States Probation Office directs, listing each and every prescription medication in the defendant's possession, custody, or control. The list shall include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past, and outdated or expired prescription medications in the defendant's possession, custody, or control at the time of the report.
>
> The defendant shall notify the United States Probation Office immediately (i.e., within no later than 72 hours) if the defendant receives any prescription for a medication containing a controlled substance during the period of supervised release. The defendant shall provide the United States Probation Office such documentation and verification as the United States Probation Office may reasonably request and in a form the United States Probation Office directs.
>
> The defendant must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications.

[R. 28, at 5.]

Again, Fredrick's past use of drugs combined with his continued struggle to overcome addiction compels continued inclusion of this condition. Re-imposition of this condition provides another layer of accountability that will, if complied with, ensure that Fredrick lives a life free of the drugs that have consumed his past. However, a modification of the language will terminate the condition after ten years unless the probation office seeks an extension. Hopefully, after the ten year period, there will be no reason to continue imposition of this condition.

### 3

To the unknowing, the financial disclosure condition, which provides that Fredrick must "provide the probation officer with access to any requested financial information," [R. 28, at 4] seems misplaced in this context. In *Inman*, the Sixth Circuit was troubled by this condition because it found the link between Inman's crime and this condition too attenuated in the absence of a more detailed explanation. 666 F.3d at 1006.

5

The Sixth Circuit's concern is valid. Similarly to *Inman*, this condition does not explicitly relate to the offense for which Fredrick pled guilty. Nonetheless, imposing it creates a deterrent and protects the public. The probation office was instrumental in crafting this condition because of their experiences, and they assert that this condition provides them with another way to determine whether defendants are purchasing prohibited electronic devices and internet services in excess of those previously approved. Essentially, imposition of this condition allows the probation office more information to determine whether Fredrick is complying with the special conditions pertaining to computer access and restricted materials. This condition will come in handy if there is any questions regarding undisclosed alcohol consumption. Hence, the idea is to deter Fredrick from violating his supervised release conditions, protect the public from additional crimes of the same nature, and ensure that rehabilitation proceeds without hindrance.

Two other important points should be noted with respect to this condition. First, this condition does not per se require Fredrick to do anything. The Probation Officer is merely authorized to examine financial information if that is deemed necessary. Second, "a condition need not be perfectly proportionate to the objectives it seeks; it must only be *'reasonably related'* to specific sentencing factors and 'involve no greater deprivation of liberty than is *'reasonably necessary'* to achieve the goals of sentencing." United States v. *Zobel,* No. 11-3341, 2012 WL 4815377, at *13 (6th Cir. Oct. 11, 20 12) (quoting 18 U.S.C. § 3 583( d)( 1 )-(2)). Whether this condition is perfectly proportionate need not be decided because this condition is reasonably related and reasonably necessary and ensures that Fredrick has the best chance at rehabilitation. Nonetheless, re-imposition of this condition does not mean that it must be imposed for the remainder of Fredrick's lifetime. Based on his current struggles with alcohol, it is hard to

6

envision a day in which imposition of this condition is not necessary, but after ten years the probation office is directed to reevaluate this condition to determine whether it is still applicable.

**4**

Fredrick was also commanded, as another special condition, that he "shall not consume any alcoholic beverages." A prohibition on alcohol use is included in the battery of sex offender special conditions.

The facts leading to his arrest on the supervised release violation are documented in the Supervised Release Violation Report and compel re-imposition of this condition. According to the R&R, "[t]he Report charges Defendant with violating a Special Condition of Supervision that provides, '[t]he defendant shall not consume any alcoholic beverages.' " [R. 39, at 2 (quoting [R. 28, at 4])]. That Report explains that "on January 12, 2013, Defendant 'reported to the Laurel County Detention Center to serve his last weekend of the eight consecutive weekends in jail,' per the November 7, 2012 modification, was booked at 8:00 a.m., vomited and used the bathroom on himself at 11:00 a.m., submitted to a preliminary breath test shortly thereafter, revealing a 0.089 blood/alcohol concentration, and 'admitted to consuming alcoholic beverages prior to entering the facility that morning.' " [R. 39, at 2.]

Because Fredrick has not resisted the urge to consume alcohol, re-imposition of this condition is appropriate. Moreover, according to Judge Ingram's Report, Fredrick genuinely desires help for his troubles with alcohol. [R. 39, at 3.] Despite there being an absolute justification for re-imposing this condition, imposition of this condition is appropriate for life so long as the Probation Officer has discretion to terminate this condition if it finds that it is no longer necessary.

**5**

As an initial matter, the Eastern District of Kentucky's standard sex offender condition that totally prohibited Fredrick from possessing or using a device capable of creating pictures or video has been modified. The revised condition will now be as follows: "the defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer." *See United States* v. *Phillips,* 370 F. App'x 610, 621 (6th Cir. 2010) (distinguishing a condition that permitted the USPO to approve a particular behavior from a condition with an absolute prohibition). This condition is designed to protect the public by preventing sex offenders from turning to the creation of child pornography as the other supervised release conditions restrict access to such materials.

Obviously not every defendant would undertake such an endeavor, but the consequences of those who would are so substantial that this condition is necessary. Additionally, this is not a blanket prohibition, it just requires disclosure and permission from the Probation Officer. "Presumably, a probation officer would not deny ... the use of [these devices] in a manner that would enable legitimate professional pursuits or other activities that would contribute to ... rehabilitation." *ld.* Consequently, the Court will modify Fredrick's sentence and impose the revised condition.

**6**

The final condition the Court was instructed to consider is the prohibition on renting or using a post office box or a storage facility. There has been no evidence to infer that Fredrick would in any way use these channels or instruments to engage in the behavior that resulted in his sex offender status. Moreover, there were no accusations that he ever distributed images in

8

connection to his sexual abuse offense. Thus, re-imposition of this condition is unwarranted and unnecessary.

**III**

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation [R. 39] is **ADOPTED** as the opinion of this Court;

(2) Fredrick's period of supervised release is **REVOKED** and he is **SENTENCED** to a term of imprisonment of **four (4) months**; and

(3) Following completion of his sentence, Fredrick shall serve out the remainder of his supervised release term on the same conditions previously imposed except for the modifications set forth below:

Pursuant to the Sentencing Reform Act of 1984 as modified by subsequent case law, the Court finds that the following sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). Accordingly, it is the judgment of the Court that the defendant, James Edward Fredrick, upon release from the custody of the Bureau of Prisons is subject to the supervised release conditions as put forth in the Court's previous judgment [R. 28] with the following modifications, which will be detailed in a forthcoming judgment:

(1) Lifetime supervision will be imposed, but there will be re-evaluation of this condition at a hearing scheduled ten years after release from imprisonment.

(2) Fredrick shall submit to periodic drug and alcohol testing at the direction and discretion of the Probation Officer during the term of supervision. This condition will terminate

9

ten years from the date of release unless Fredrick's Probation Officer seeks an extension of this condition.

(3) Fredrick shall submit to the prescription drug requirements set forth as a condition in the prior judgment. This condition will terminate ten years from the date of release unless the probation office seeks an extension of this condition.

(4) Fredrick shall provide the Probation Officer with access to any requested financial information. This condition will be re-imposed for life so long as the Probation Officer has discretion to terminate this condition if it finds that it is no longer necessary.

(5) Lifetime prohibition on Fredrick consuming alcoholic beverages is reinstated so long as the Probation Officer has discretion to terminate this condition if it finds that it is no longer necessary.

(6) Fredrick shall not possess or use a device capable of creating pictures or video, without the approval of the Probation Officer. This condition will be re-evaluated at Fredrick's scheduled hearing.

(7) The prohibition on renting or using a post office box or storage facility, without the approval of the probation officer is removed

This 13th day of May, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge